## (August 24, 1983)

■ In the Matter of VIVIAN S. BOOK, Respondent, v EVERETT F. McNAB et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and JULIETTE A. KINSELLA et al., Appellants. — In a proceeding to invalidate a petition designating Juliette A. Kinsella and Calvin M. Spivak as candidates in the Republican Party primary election to be held on September 13, 1983, for the office of Member of the Republican County Committee, 44th Election District, Town of Huntington, the appeal is from a judgment of the Supreme Court, Suffolk County (Mallon, J.), dated August 18, 1983, which granted the application. Judgment affirmed, without costs or disbursements. (See *Matter of Sutcliffe v Jablonski*, 48 NY2d 721.) Mollen, P. J., Gibbons, Brown and Rubin, JJ., concur.

■ In the Matter of ALEXANDER J. BRANDSHAFT, Respondent, v FRANK COVENEY et al., Constituting the Board of Elections of Suffolk County, et al., Respondents, and HENRY J. KRUK et al., Appellants. — In a proceeding to invalidate the petition to, *inter alia,* designate Henry J. Kruk and Mary N. Kruk as candidates in the Republican Party primary election to be held on September 13, 1983, for the office of Member of the Suffolk County Republican Committee, 104th Election District, Town of Huntington, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Mallon, J.), dated August 18, 1983, as granted that part of the application which sought to invalidate the designating petition for the 104th Election District. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and application denied insofar as it is to invalidate the designating petition for the 104th Election District. The board of elections is directed to restore the names of Henry J. Kruk and Mary N. Kruk to the appropriate ballot. The Supreme Court erred when it invalidated the designating petition for the 104th Election District because two of the candidates named thereon were also members of the committee to fill vacancies. As the court said in *Matter of Pabian v McNab* (9 Misc 2d 995, 999, affd 4 AD2d 834, affd 3 NY2d 888): "There is no authority upon which a finding may be made invalidating a petition because a candidate named thereon is also designated a member of the committee on vacancies". Mangano, J. P., Thompson, Niehoff and Boyers, JJ., concur.

■ In the Matter of ALEXANDER J. BRANDSHAFT, Respondent, v FRANK COVENEY et al., Constituting the Board of Elections of Suffolk County, et al., Respondents, and JANET DE LUCA et al., Appellants. — Appeal from an order of the Supreme Court, Suffolk County (Orgera, J.), dated August 11, 1983, which denied a motion to dismiss the proceeding on the ground that petitioner lacks standing. Order affirmed, without costs or disbursements. No opinion. Mangano, J. P., Thompson, Niehoff and Boyers, JJ., concur.